IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TONGWEI SOLAR HEFEI CO. LTD.,
INC.,

        *Plaintiff,*

      v.                     No. 1:21-cv-1047-SB

SOLARIA CORP.,

        *Defendant.*

---

Stephen B. Brauerman, Ronald P. Golden III, BAYARD, P.A., Wilmington, DE; Charles Wizenfeld, Filardo Vincent, Jr, KING & WOOD MALLESONS, New York, NY.

        *Counsel for Plaintiff.*

Andrew Colin Mayo, Steven J. Balick, ASHBY & GEDDES, Wilmington, DE; David P. Prueter, Ronald S. Lemieux, SQUIRE PATTON BOGGS, Palo Alto, CA.

        *Counsel for Defendant.*

---

**MEMORANDUM OPINION**

January 21, 2022

---

To profit from their ingenuity, inventors must protect their designs. But they may not falsely malign competing products as rip-offs. Here, a solar panel inventor, Solaria, publicly accused a rival, Tongwei Solar, of infringing its patents. Believing that Solaria's accusations were made up, Tongwei sued for trade libel plus interference with contractual and business relations. Though its claims are plausible, I stay this case pending the outcome of a related German suit involving Solaria's patents—the result there may simplify this litigation.

## I. Background

Solaria designs, patents, and sells solar panels. D.I. 1 ¶¶ 7–9. In 2019, it began to suspect that a competitor, Tongwei, had started using its patented designs. *Id.* ¶ 10. So it demanded that Tongwei either buy a license or stop selling infringing products. *Id.*

Tongwei pushed back, asserting that its own investigation revealed no patent infringement. *Id.* ¶ 15. It asked Solaria to give specific examples, but, it says, Solaria never did. *Id.* ¶ 16. So Tongwei kept making its panels.

Undeterred, Solaria wrote to Tongwei's customers and distributors, telling them that Tongwei was "violat[ing] Solaria's intellectual property." *Id.* ¶¶ 16–17. Plus, it sued two of Tongwei's customers in Germany, alleging that their use of Tongwei's panels also infringed Solaria's patents. *Id.* ¶ 24; D.I. 10, at 1; D.I. 11, at 1.

Tongwei claims that Solaria's accusations are "misleading" because "Solaria ha[d] no legitimate basis to allege that Tongwei's products infringe any valid … patent." D.I. 1 ¶¶ 16, 25. So it sued Solaria for trade libel, interference with business relations, and interference with contract. *Id.* ¶¶ 29−35.

Now Solaria moves to dismiss. It argues that Tongwei's claims are preempted by federal patent law and, in any case, are baseless. D.I. 9, at 6–9. Alternatively, it asks me to stay this case until a German court has resolved the patent suit against Tongwei's customers. *Id.* at 10.

## II. IT IS TOO SOON TO TELL IF TONGWEI'S CLAIMS ARE PREEMPTED

Solaria contends that Tongwei's state-law claims are preempted by federal law. But on the record before me, this case involves no federal interest.

Federal law encourages patent holders to confront possible infringers. "Patents would be of little value if infringers … could not be notified of the consequences of infringement." *Virtue v. Creamery Package Mfg.*, 227 U.S. 8, 37–28 (1913). Plus, giving infringers the chance to stop helps avoid costly litigation.

Yet patent holders may hesitate to notify infringers if doing so risks state tort liability. So "[f]ederal patent law … preempts state-law tort liability when a [patent holder] in good faith communicates allegations of infringement." *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). To survive preemption, a tort plaintiff must allege that the patent holder made his allegations in bad faith, "even if bad faith is not otherwise an element of the tort claim." *Id.* (internal quotation marks omitted).

But that rule applies only if an *American* patent is at issue. Without that, the federal interest in letting U.S.-patent holders assert their rights is not implicated. Here, it is not yet clear if an U.S. patent is involved. As Tongwei explains, "Solaria does not assert that Tongwei is infringing any U.S. patents." D.I. 17, at 5. Indeed, the record mentions only European and Australian patents. D.I. 17-1, at 1.

3

Later in this litigation, discovery may show that Solaria told Tongwei's customers that Tongwei stole U.S.-patented designs. And if that happens, Tongwei will have to prove that Solaria acted in bad faith to survive preemption. *Dominant Semiconductors*, 524 F.3d at 1260.

### III. TWO OUT OF THREE CLAIMS MAY PROCEED

Solaria argues that all three of Tongwei's claims fail. It says trade libel is not a recognized cause of action in Delaware. Then it contends Tongwei's allegations of interference with contract and business relations fall short of the pleading standard. D.I. 9, at 8–9. Just one of those arguments hits the mark: Tongwei fails to allege interference with contract. But its trade-libel and business-relations-interference claims may proceed.

#### A. Trade libel

Though Solaria disputes it, Delaware lets plaintiffs sue for trade libel. *See Incyte Corp. v. Flexus Biosciences, Inc.*, 2017 WL 7803923, at *7 (Del. Sup. Ct. Nov. 1, 2017); *Dasso Int'l, Inc. v. MOSO N. Am., Inc.*, 2018 WL 4626049, at *2 (D. Del. Sept. 26, 2018). To state a claim, Tongwei must show that Solaria knowingly or recklessly lied about Tongwei's business, that it intended to cause it a financial loss, and that it in fact suffered that loss. *Incyte Corp.*, 2017 WL 7803923, at *7.

That is exactly what Tongwei says happened here. Solaria told Tongwei's customers that it was infringing Solaria's patents, yet it could not "identify any specific examples of patent infringement." D.I. 1 ¶ 16. And though Tongwei repeatedly asked "which of Solaria's patents were purportedly relevant," Solaria "refused to provide th[at] information." *Id.* ¶ 22. Taken as true, those facts suggest that Solaria had no

basis for its allegations. And making baseless allegations shows a reckless disregard for the truth. *Cf. Neurotron Inc. v. Med. Serv. Ass'n of Pa., Inc.*, 254 F.3d 444, 453 (3d Cir. 2001) (affirming summary judgment for a defendant whose misleading statements had a "rational basis").

Plus, Solaria allegedly intended to cause Tongwei financial harm. Solaria's letters were "attempts to scare Tongwei's customers and distributors into not buying Tongwei's products." D.I. 1 ¶ 26. And Tongwei says the letters succeeded: they "tarnished [its] reputation, interfere[d] with [its] relationships with clients …. [and caused it to] los[e] business opportunities." *Id.* ¶ 27.

## B. Interference with business relations

To state a claim, Tongwei must allege that Solaria intentionally interfered with its "reasonab[ly] probab[le]" business opportunities, causing it to lose money. *Malpiede v. Townson*, 780 A.2d 1075, 1099 (Del. 2001). Plus, Solaria's interference must have gone beyond its right "to compete or protect [its] business interests in a fair and lawful manner." *Id.* (internal quotation marks omitted).

Tongwei checks those boxes. It claims that it regularly sold its products to customer companies, including Hyundai and BayWa, and that it wished to continue to do so. D.I. 1 ¶ 8. That counts as a reasonably probable business opportunity. *See Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 608 (Del. Ch. 2010) (enough to show "an expectation that [a] business relation[ship] will continue").

Tongwei claims that Solaria interfered with that opportunity by telling the customers that Tongwei was infringing its patents. D.I. 1 ¶ 26. Solaria's letters reflect a "specific intent" to convince the customers to cancel their relationships with Tongwei

and to work with Solaria instead. *Beard Rsch.*, 8 A.3d at 608–09. And if those letters were baseless, Solaria likely went beyond its right to compete in the market.

### C. Interference with contract

To plead that Solaria interfered with its contracts, Tongwei's complaint must identify specific contracts that Solaria caused Tongwei's customers to breach. *Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983, 992 (Del. Ch. 1987).

Yet Tongwei does not do that. It does not say whether it had ongoing contracts with its customers or distributors. Nor does it explain whether Solaria's letters caused customers to breach those contracts. Instead, the complaint vaguely gestures at disrupted "relationships" and "opportunities." D.I. 1 ¶¶ 34–35. That is not enough.

Thus, its interference-with-contract claim fails. But I dismiss it without prejudice. Tongwei may still try to identify specific contracts that suffered from Solaria's campaign.

## IV. I Am Staying This Case

Solaria asks me to stay this case pending the outcome of its German patent-infringement suit against Tongwei's customers. D.I. 9, at 10. It says the result there will simplify this litigation: if the German court finds that the customer's Tongwei-manufactured products infringe Solaria's patents, then Solaria's accusations were not baseless. I agree, so I grant a stay.

District courts have discretion to stay a case pending the resolution of other judicial or administrative proceedings. That "calls for the exercise of judgment, which must weigh [the parties'] competing interests and maintain an even balance" between them. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

True, federal courts should rarely stay litigation for "parallel proceedings in a foreign forum." *Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 393 (3d Cir. 2006). But that rule applies when the only reason for the stay is "international comity," that is, respect for the "judicial acts of another nation." *Id.* at 392. Comity does not ordinarily outweigh a court's "virtually unflagging obligation" to exercise its jurisdiction. *Id.* at 394 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

But here, international comity is not at issue. Solaria does not ask me to let a foreign tribunal *decide* this case, depriving Tongwei of its right to have a federal court weigh in. The German suit involves different claims and different parties, so a judgment there would not stop me from adjudicating the merits here. *Cf. Royal & Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92–93 (2d Cir. 2006) (noting the res judicata effect of some foreign judgments).

Instead, efficiency favors waiting until the German court has resolved Solaria's patent-infringement claims. Unlike me, the German court has expertise to address Solaria's European patent claims. And if it finds that Solaria's claims have merit, that is strong evidence that its allegations against Tongwei were not baseless. Indeed, in similar domestic cases, federal courts grant stays to let the Patent & Trademark Office weigh in. *See, e.g.*, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). (approving a stay to allow the Patent & Trademark Office to reexamine a patent).

Thus, I grant a stay until the German court decides Solaria's patent case. But if

there is no final disposition in six months' time, Tongwei may ask me to lift the stay.

\* \* \* \* \*

Tongwei plausibly says Solaria made up patent-infringement allegations against it. So its trade-libel and interference-with-business-relations claims may proceed. But it fails to identify any contract that Solaria interfered with, so I dismiss that claim without prejudice. And because the related German patent suit may simplify this dispute, I grant a stay.